[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14368
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00003-CAR

DORIS E. ADDISON,

Plaintiff-Appellant,

versus

INGLES MARKETS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 5, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Doris Addison, a 52-year-old African American, appeals from the district court's grant of summary judgment in favor of Ingles Markets, Inc., in her employment discrimination suit under Title VII, 42 U.S.C. § 2000e-2; 42 U.S.C. § 1981; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.  On appeal, Addison argues that the district court incorrectly found that she had not presented any direct evidence that her termination from Ingles was motivated by racial animus.  She also contends that the district court erred when it found that she had failed to establish a *prima facie* case of either race or age discrimination.  After thorough review of the record and the parties' briefs, we affirm.

## I.

We review a district court's grant of summary judgment *de novo*, viewing all evidence in a light most favorable to the non-moving party.  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).  Summary judgment is only appropriate when the record presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Id.*  The moving party bears the burden of establishing the absence of a dispute over a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Title VII prohibits an employer from discriminating against a person based on race.  42 U.S.C. § 2000e-2(a)(1).  Similarly, 42 U.S.C. § 1981 provides that

2

"[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens," and it also protects against employment discrimination on the basis of race. *See Ramirez v. Sloss*, 615 F.2d 163, 167 n.5 (5th Cir. 1980). The elements of a race discrimination claim under § 1981 are the same as a Title VII disparate treatment claim in an employment context. *Rice-Lamar v. City of Fort Lauderdale, Fla.*, 232 F.3d 836, 843 n.11 (11th Cir. 2000).

A plaintiff may establish a Title VII claim through the introduction of direct or circumstantial evidence of discrimination. *Dixon v. Hallmark Cos., Inc.*, 627 F.3d 849, 854 (11th Cir. 2010). "Direct evidence of discrimination is evidence that, if believed, proves the existence of a fact without inference or presumption." *Id*. (quotation omitted). "[O]nly the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Id*. (quotation omitted). Accordingly, "remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998). The evidence must reflect a "discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Damon v. Fleming Supermarkets of Fla.*, *Inc.,* 196 F.3d 1354, 1363 (11th Cir. 1999) (quoting *Carter v. Three Springs*

3

*Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998)) (internal quotation marks omitted).

The district court correctly found that Addison had not presented direct evidence of racial discrimination. The evidence showed that she worked in the deli of an Ingles grocery store until Ingles fired her for violating the employee anti-theft policy. Ingles's loss prevention investigator discovered that Addison had failed to pay full price for a deli beverage. Ingles suspended and then ultimately terminated Addison for her violation, along with each of the other thirteen employees who were similarly found having violated the policy. Addison now contends that her termination constituted unlawful racial discrimination on account of a number of comments the Ingles manager made before her termination in August 2009.

None of the manager's comments, however, constituted direct evidence of racial discrimination. The specific comments to which Addison points were made in November 2008 and February 2009, while Ingles did not even become aware of the acts that led to the investigation and subsequent terminations until July 2009. The allegedly racist comments were not made in the context of Addison's termination or the termination of any employee. *See Standard*, 161 F.3d at 1330. Moreover, while the manager's comments may have reflected racial bias generally, they did not directly relate to Addison or the termination of any employee. They did not establish, without further inference or presumption, that her firing was

4

racially motivated. *See Dixon*, 627 F.3d at 854. Accordingly, the district court did not err in finding that the manager's comments did not constitute direct evidence of discrimination.

## II.

When the plaintiff relies on circumstantial evidence of discrimination, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). To establish a *prima facie* case, a plaintiff may show that, among other things, her employer treated similarly situated employees who were not members of her protected class more favorably. *Burke-Fowler v. Orange Cnty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006). In determining whether employees are similarly situated in cases involving discriminatory discipline, we ask "whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Id*. (quotation omitted).

If the plaintiff presents a *prima facie* case, and the defendant offers a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff may then show that the stated reason is a mere pretext for unlawful discrimination. *Alvarez*, 610 F.3d at 1264. An employee must meet the employer's stated reason "head on and rebut it, and [she] cannot succeed by simply

quarreling with the wisdom of that reason." *Id.* at 1266.  A plaintiff can do so

directly, by persuading the court that a discriminatory reason more likely

motivated the employer, or indirectly, by showing "such weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions in the employer's

proffered legitimate reasons for its action that a reasonable factfinder could find

them unworthy of credence." *Id.* at 1265 (quotation omitted).  Where the

defendant offers the plaintiff's violation of a work rule as its reason for the

termination, the reason "is arguably pretextual when a plaintiff submits evidence

(1) that she did not violate the cited work rule, or (2) that if she did violate the rule,

other employees outside the protected class, who engaged in similar acts, were not

similarly treated." *Damon*, 196 F.3d at 1363.

    We need not address the *prima facie* issue because the district court

correctly determined that, even if Addison had set forth a *prima facie* case, she had

not demonstrated that Ingles's reason for her termination—violation of the anti-

theft policy—was a pretext for unlawful racial discrimination.  None of the

manager's allegedly racist comments were related to Addison's firing in any

substantive way.  The manager's comments and his general remarks about famous

African Americans not only did not relate to Addison's termination, but moreover,

they did not relate to her at all.  Therefore, the fact of these comments, in and of

themselves, does not suffice to establish that racial animus was more likely the

6

motivator of Addison's termination than her violation of Ingles's policy. *See Alvarez*, 610 F.3d at 1265. Furthermore, while Ingles's decision to terminate Addison for failing to pay full price for a beverage may seem harsh or even unwise, we do not ask whether the decision to fire her was "prudent or fair." *Id.* at 1266 (quotations omitted). The issue is whether the decision to fire Addison was racially motivated, and Addison presented no evidence that the manager acted toward her with any racial animus. In fact, Addison admitted that she was guilty of violating the anti-theft policy, and all fourteen employees accused of violating this policy—nine African Americans and five Caucasians—were fired. Finally, the record shows that the manager attempted to excuse Addison's violation and only fired her once he learned that he could not make an exception for her.

On these facts, Addison did not demonstrate that Ingles more likely than not acted with discriminatory animus or that Ingles's stated reason for her termination was unworthy of credence. *See id.* at 1265. Because she failed to present sufficient direct or circumstantial evidence of racial discrimination, the district court did not err in granting summary judgment in favor of Ingles on her racial discrimination claim.

### III.

The ADEA prohibits employers from discharging an employee who is at least 40 years of age because of that employee's age. 29 U.S.C. § 623(a)(1). As

with race discrimination claims, this Court generally evaluates ADEA claims based on circumstantial evidence under the *McDonnell Douglas* framework.  *Sims v. MVM, Inc.*, 704 F.3d 1327, 1332-33 (11th Cir. 2013) (reaffirming the utility of the *McDonnell Douglas* framework post-*Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 129 S. Ct. 2343 (2009), while also noting that *McDonnell Douglas* is not the only method by which ADEA plaintiffs may survive summary judgment).  To make a *prima facie* case of age discrimination, a plaintiff may show, among other things, that a substantially younger person filled the position that she sought or from which she was discharged, or that her employer treated employees who were not members of her protected class more favorably under similar circumstances. *Morris v. Emory Clinic, Inc.*, 402 F.3d 1076, 1083 (11th Cir. 2005) (plaintiff failed to show he received any lesser treatment than was afforded younger employees); *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (position sought by plaintiff was filled by substantially younger person).

If the plaintiff makes a *prima facie* showing of age discrimination, and the employer presents a legitimate, nondiscriminatory reason for its adverse employment action, the plaintiff then may establish that the nondiscriminatory reason for the action was a pretext for age discrimination.  *Chapman*, 229 F.3d at 1024-25.  Following the Supreme Court's decision in *Gross*, ADEA plaintiffs must

establish that age was the "but-for" cause of the employer's adverse action. *See Sims*, 704 F.3d at 1332-33.

The district court correctly found that Addison had not established a *prima face* case of age discrimination. Addison was unable to establish that a younger person filled her position, or was treated more favorably generally on account of age. Ingles terminated every employee who was found in violation of the anti-theft policy. In fact, nine of the fourteen employees were younger than 25, and only two were over the age of 40. Moreover, Addison's supervisors were not proper comparators. As discussed above, neither supervisor was accused of or caught violating the anti-theft policy, and therefore neither was a similarly situated employee of Addison's. Finally, Addison did not present any evidence that her age was the "but-for" cause of her termination. *See Gross*, 557 U.S. at 176-77, 129 S. Ct. at 2350-51; *Sims*, 704 F.3d at 1332. Accordingly, she did not present sufficient circumstantial evidence of age discrimination, and therefore the district court did not err in granting summary judgment in favor of Ingles on her age discrimination claim.

IV.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**